UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CELEBRATION CHURCH, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-1050** |
| **UNITED NATIONAL INSURANCE CO.** | **SECTION: "G" (4)** |

**ORDER**

Before the Court is Defendant, United National Insurance Company's ("UNIC") **Motion for Protective Order (R. Doc. 18)**, seeking a court order declaring that the six documents at issue are protected by attorney-client privilege and/or work product doctrine. The motion is opposed. R. Doc. 19. The motion was heard for oral argument on Wednesday, February 11, 2015.

**I.    Background**

This case arises out of the theft of the condensers[1] in seven air conditioning units owned by the Plaintiff, Celebration Church ("Celebration"), on March 30, 2013. *See* R. Doc. 1-1, at 1. The thieves stoles the condenser equipment from each unit but left the copper tubing attached to each unit. *Id.* At the time of the theft, Celebration had a commercial property insurance policy through the Defendant, UNIC, and submitted a claim for $71,894.40, the proposed cost to replace the condenser units. *Id.* at 2. The policy contained a "Precious Metals Exclusion" and UNIC denied Celebration's claim pursuant to the exclusion, which excludes the attempted theft of copper, aluminum or other precious metals. *Id.*

---

[1] An air conditioning unit is made up of three parts, a compressor, a condenser, and an evaporator. The compressor and the condenser are located in the outdoor unit and the evaporator is located indoors.

Celebration filed this action in the 24th Judicial District for the Parish of Jefferson on April 29, 2014 claiming that UNIC's denial of the claim was arbitrary and capricious, and that UNIC was in violation of good faith and fair dealing pursuant to La. R.S. 22:1892 and La. R.S. 22:1973 for its failure to timely, adequately and properly adjust its claim. *Id*.

As to the instant motion, UNIC seeks to prohibit the disclosure of certain privileged documents in response to a subpoena issued by Celebration to non-party and independent adjuster, Jonathan Kimball. *See* R. Doc. 18-1, at 1. UNIC argues that Celebration's subpoena requests the entire file of Jonathan Kimball and that a small number of the documents contain or memorialize communications between Kimball and counsel for UNIC. UNIC enumerates six documents it contends are protected:

1. A draft of an Affidavit of Jonathan Kimball, prepared by defense counsel Bruce W. Boudreaux but never signed by Mr. Kimball;

2. An email from defense counsel Bruce W. Boudreaux to Jonathan Kimball dated June 5, 2014;

3. An email from Kate Wilkinson of Global Indemnity/UNIC to Jonathan Kimball and copying Bruce W. Boudreaux dated June 5, 2014;

4. A second copy of the same email referenced in No. 3, located in Jonathan Kimball's File Review Notes;

5. A note entered by Jonathan Kimball on a "Time and Expense Worksheet," dated June 19, 2014, describing his communication with Bruce W. Boudreaux; and

6. A note entered by Jonathan Kimball on a "Time and Expense Worksheet," dated June 20, 2014, describing his communication with Bruce W. Boudreaux.

## II. Standard of Review

Federal Rule of Evidence 501 states that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Thus, in a diversity action, as is before the Court, the Court must apply Louisiana law to determine whether

the information sought is protected by the attorney-client privilege. *Conoco Inc. v. Boh Bros. Const. Co.*, 191 F.R.D. 107, 115 (W.D. La. 1998) (citing *Dunn v. State Farm Fire & Casualty Co.*, 927 F.2d 869, 875 (5th Cir. 1991) and *Scherer v. Latter*, 1998 WL 205417 (E.D. La. 1998)).

Article 506 of the Louisiana Code of Evidence encompasses the rules on attorney-client privilege. In general, "a client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication between certain categories of individuals . . . made for the purpose of facilitating the rendition of professional legal services to the client." *Maldonado v. Kiewit Louisiana Co*., 152 So. 3d 909, 927 (La. App. 1st Cir. 2014), (citing La.Code Evid. art. 506(B)), *reh'g denied* (Aug. 24, 2014), *reh'g denied* (Sept. 26, 2014).

The party asserting the privilege has the burden of proving: "1) the holder of the privilege is or sought to become a client; 2) the communication was made to an attorney or his subordinate in a professional capacity; 3) the communication was made outside the presence of strangers; 4) the communication was made for the purpose of obtaining a legal opinion or services; and 5) the privilege has not been waived." *Cacamo v. Liberty Mut. Fire Ins. Co.*, 798 So. 2d 1210, 1216 (La. App. 4th Cir. 2001) (citing *In Re Shell Oil Refinery*, 812 F. Supp. 658, 661 (E.D.La. 1993)); *see also Maldonado*, 152 So. 3d at 927.

As for determining whether the work-product doctrine applies, the Court looks to Rule 26(b)(3), which governs the disclosure of documents prepared in anticipation of litigation. Rule 26(b)(3) provides that "a party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without

undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3).

## III. Analysis

### A. Attorney-Client Privilege

UNIC argues that Kimball, as an independent adjuster who adjusted the claim on behalf of UNIC, is an agent of UNIC for the purpose of the application of the attorney-client privilege. *See* R. Doc. 18-1, at 3. UNIC argues that Kimball is an agent because he investigated the claim on behalf of UNIC and is the functional equivalent of an employee. *Id.* at 4. UNIC also argues that the communications between Kimball and defense counsel were created after the litigation began. *Id.*

UNIC cites to *Residential Constructors, LLC v. Ace Prop. & Cas. Ins. Co.*, No. 2:05CV01318, 2006 WL 3149362, at *13 (D. Nev. Nov. 1, 2006), for the holding that communications between the insurance company's counsel and the independent adjusting company are protected. *Id.* UNIC argues that the court in *Residential Constructors* held that the independent adjuster is covered because the insurer is responsible for their conduct and is legally liable to the insured for their bad faith conduct in handling claims. *Id.* at 5. UNIC argues that the court reasoned that the independent adjuster is the functional equivalent of an in-house claims employee. *Id.* at 6.

In opposition, Celebration argues that Kimball's communications are not protected by attorney-client privilege because he is not an agent of UNIC and because he was not employed by UNIC's independent adjuster Mariposa Insurance Services, Inc. ("Mariposa") at the time of the communication. *See* R. Doc. 19, at 2. Celebration argues that the attorney-client privilege is not applicable because Louisiana courts have declined to extend the privilege to third party

4

adjusters. In support of its argument, Celebration cites to *Kimpton Hotel & Rest. Grp., Inc. v. Liberty Mut. Fire Ins. Co.*, 974 So. 2d 72, 77-78 (La. App. 4th Cir. 2007), where the Louisiana Fourth Circuit Court refused to extend the attorney-client privilege to a third party insurance consultant. *Id.* at 5.

Celebration further argues that under Louisiana law, a representative of a client is either (1) a person who has the authority to obtain or act upon legal advice; or (2) any other person who makes or receives confidential information for the purpose of effectuating legal representation for the client while acting within their scope of employment. *Id.* at 4. Celebration argues that UNIC does not establish that Kimball falls under either definition of a client representative. Specifically, Celebration argues that Kimball was not acting within the scope of his employment because he was not employed by Mariposa or UNIC at the time of the communications. *Id.* at 5.

Under Louisiana law, the attorney-client privilege protects "a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client, as well as the perceptions, observations, and the like, of the mental, emotional, or physical condition of the client in connection with such a communication." La. Code Evid. art. 506(B). A confidential communication is a communication that is not intended to be disclosed to persons other than to:

> (a) Those to whom disclosure is made in furtherance of obtaining or rendering professional legal services for the client.
> (b) Those reasonably necessary for the transmission of the communication.
> (c) When special circumstances warrant, those who are present at the behest of the client and are reasonably necessary to facilitate the communication.

La. Code Evid. art. 506(A)(5).

The privilege also extends to the confidential communications of a representative of the client. A person qualifies as a representative of the client if they (1) have the authority to "obtain

professional legal services, or to act on advice so obtained, on behalf of the client," or (2) can make or receive "a confidential communication for the purpose of effectuating legal representation for the client, while acting in the scope of employment for the client." La. Code Evid. art. 506(A)(2).

While the parties disagree on whether Kimball qualifies as a client representative, the Court finds that the real issue is whether the documents would qualify as a "confidential communication" because regardless of Kimball's status as a client representative, the documents would not be protected under the attorney-client privilege if they are not a confidential communication. As stated above, a confidential communication is a communication that is not intended to be disclosed to persons other than to those to whom disclosure is made in furtherance of obtaining or rendering professional legal services for the client. La. Code Evid. art. 506(A)(5).

Two of the documents at issue are emails. The first email is an email from Kate Wilkinson of UNIC to Kimball and copying defense counsel. In the email, Wilkinson asks Kimball to assist defense counsel by signing an affidavit. The second email is an email from defense counsel to Kimball attaching the affidavit for Kimball to review. However, the content of the emails "do not contain any confidential communications or attorney advice, opinion or mental impressions, [and] are not privileged simply because they are written by or to an attorney." *Dixie Mill Supply Co. v. Cont'l Cas. Co.*, 168 F.R.D. 554, 559 (E.D. La. 1996) (citing La.Code Evid. art. 506(A)(5)) (finding that a transmittal letter is not privileged); *cf. Ingraham v. Planet Beach Franchising Corp.*, No. CIV.A. 07-3555, 2009 WL 1076717, at *1 (E.D. La. Apr. 17, 2009) (applying Louisiana law to find that the content of an email is protected because "the information is for the purpose of facilitating legal advice"). Since the substance of the emails does not contain confidential information, the Court concludes that the emails are not privileged.

The next two items at issue are notes entered by Jonthan Kimball on a "Time and Expense Worksheet," describing his communication with defense counsel. The worksheet appears to be a document Kimball keeps in the ordinary course of business to log all his work activities for a specific claim. The worksheet is not a communication that was created in the furtherance of obtaining or rendering professional legal services, nor does it look like a document that was not meant for disclosure. In fact, the document looks like it was made to be disclosed as evidence of the time he expended on a claim. Thus, the Court finds that the "Time and Expense Worksheet" is not protected.

### B.     **Work-Product Doctrine**

UNIC argues that the affidavit prepared by its defense counsel is covered under the work-product privilege because it was prepared after the commencement of litigation and for the specific purpose of assisting UNIC in the litigation of the claim at issue. *Id.* at 7. UNIC further argues that the work product doctrine has not been waived because Kimball is the functional equivalent of an employee. *Id.*

In opposition, Celebration argues that the work product doctrine does not apply because the affidavit was prepared for the purpose of disclosure as an attachment to a motion. *Id*. at 7. Additionally, Celebration argues that it would not be covered because it includes factual or coverage determinations made by Kimball, or a description of Kimball's claim, which would not be protected from disclosure.  *Id.* at 8.

The work-product doctrine shields from discovery the materials prepared by or for an attorney in preparation of litigation.  *Hickman v. Taylor,* 329 U.S. 495 (1947); *Blockbuster Entertainment Corp. v. McComb Video, Inc.,* 145 F.R.D. 402, 403 (M.D. La. 1992).  However, as the Rule provides, the work-product doctrine is not limited to materials prepared by attorneys. It also affords protection to materials prepared for by a "consultant, surety, indemnitor, insurer,

or agent." Fed. R. Civ. P. 26(b)(3). The doctrine is not an umbrella that shades all materials prepared by a lawyer, or agent of the client. It focuses only on materials assembled and brought into being in anticipation of litigation. *Piatkowski v. Abdon Callais Offshore, L.L.C.,* 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000). Excluded from the work-product doctrine are materials assembled in the ordinary course of business. *United States v. El Paso Co.,* 682 F.2d 530 (5 th Cir.1982), *cert. denied,* 466 U.S. 944 (1984). It also does not extend to the underlying facts relevant to the litigation. *See generally Upjohn v. U.S.*, 449 U.S. 383, 395-96 (1981).

In determining whether a document was made in anticipation of litigation, the primary focus is on the reason or purpose for creating the document. *Beal v. Treasure Chest*, No. 98-0786, 1999 WL 461970, at *3 (E.D. La. July 1, 1999). Factors that courts rely on to determine the primary motivation for the creation of a document include the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance. *Piatkowski*, 2000 WL 1145825, at *2. If the document would have been created regardless of whether litigation was expected to ensue, the document is deemed to have been created in the ordinary course of business and not in anticipation of litigation. *Id.*

Here, the affidavit was prepared in anticipation of litigation and is protected by the work-product doctrine. The affidavit was prepared by the attorney and memorializes his mental impressions. Since the affidavit was not signed by Kimball, it is not an attestation by Kimball but the mental impressions of the attorney based on Kimball's claims file. Furthermore, the primary motivation for the attorney to prepare the affidavit was to attach the affidavit to a motion and was not prepared in the ordinary course of business. Therefore, the Court finds that the affidavit is protected under the work-product doctrine.

IV.     **Conclsuion**

**IT IS ORDERED** that Defendant, United National Insurance Company's **Motion for Protective Order (R. Doc. 18)** is **GRANTED in part and DENIED in part.** It is **GRANTED** as to the affidavit, and it is **DENIED** as to the emails and the Time and Expense Worksheet.

New Orleans, Louisiana, this 2**5th** day of February 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**